```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x      JUDGE SWAIN

UNITED STATES OF AMERICA             :
                                            SEALED
        - v. -                       :      INDICTMENT

JOSEPH HUNTER,                       :      13 Cr. CRIM 521
    a/k/a "Frank Robinson,"
    a/k/a "Jim Riker,"               :
    a/k/a "Rambo,"
MICHAEL FILTER,                      :
    a/k/a "Paul,"
TIMOTHY VAMVAKIAS,                   :
    a/k/a "Tay,"
DENNIS GOGEL,                        :
    a/k/a "Dennis Goegel,"
    a/k/a "Nico,"                    :
and SLAWOMIR SOBORSKI,
    a/k/a "Gerald,"                  :

                    Defendants.      :

- - - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 17 2013

COUNT ONE

CONSPIRACY TO IMPORT COCAINE INTO THE UNITED STATES

The Grand Jury charges:

1. From at least in or about December 2012, up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, JOSEPH HUNTER, a/k/a "Frank Robinson," a/k/a "Jim Riker," a/k/a "Rambo," MICHAEL FILTER, a/k/a "Paul," TIMOTHY VAMVAKIAS, a/k/a "Tay," DENNIS GOGEL, a/k/a "Dennis Goegel," a/k/a "Nico," and SLAWOMIR SOBORSKI, a/k/a "Gerald," the defendants, who will first enter the United States in the Southern District of New York, and others known and unknown, intentionally and knowingly did

combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that JOSEPH HUNTER, a/k/a "Frank Robinson," a/k/a "Jim Riker," a/k/a "Rambo," MICHAEL FILTER, a/k/a "Paul," TIMOTHY VAMVAKIAS, a/k/a "Tay," DENNIS GOGEL, a/k/a "Dennis Goegel," a/k/a "Nico," and SLAWOMIR SOBORSKI, a/k/a "Gerald," the defendants, and others known and unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, intending and knowing that such substance would be imported into the United States from a place outside thereof, in violation of Sections 959, 960(a)(3), and 960(b)(1)(B) of Title 21, United States Code.

## Overt Acts

3. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. In or about May 2013, JOSEPH HUNTER, a/k/a "Frank Robinson," a/k/a "Jim Riker," a/k/a "Rambo," MICHAEL FILTER, a/k/a "Paul," TIMOTHY VAMVAKIAS, a/k/a "Tay," DENNIS GOGEL, a/k/a "Dennis Goegel," a/k/a "Nico," and SLAWOMIR SOBORSKI, a/k/a "Gerald," the defendants, traveled to Thailand to

meet with confidential sources working for the Drug Enforcement Administration who were representing themselves to be narcotics traffickers.

b. On or about June 26, 2013, in the Bahamas, VAMVAKIAS, GOGEL, FILTER, and SOBORSKI, at the direction of one of the confidential sources discussed in paragraph 3(a), conducted surveillance of an airplane being loaded with packages that VAMVAKIAS, GOGEL, FILTER, and SOBORSKI were informed were packages of cocaine to be transported to the United States.

(Title 21, United States Code, Sections 963 and 959(c).)

FORFEITURE ALLEGATION

4. As a result of committing the controlled substance offense alleged in Count One, JOSEPH HUNTER, a/k/a "Frank Robinson," a/k/a "Jim Riker," a/k/a "Rambo," MICHAEL FILTER, a/k/a "Paul," TIMOTHY VAMVAKIAS, a/k/a "Tay," DENNIS GOGEL, a/k/a "Dennis Goegel," a/k/a "Nico," and SLAWOMIR SOBORSKI, a/k/a "Gerald," the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 970, any and all property constituting and derived from any proceeds that the defendants obtained directly and indirectly as a result of the said violation and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offense described in Count One of this Indictment.

<u>Substitute Assets Provision</u>

5.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 970, to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 21, United States Code, Sections 963 and 970.)

_/s/ Foreperson_  
FOREPERSON

_/s/ Preet Bharara_  
PREET BHARARA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

JOSEPH HUNTER,
a/k/a "Frank Robinson,"
a/k/a "Jim Riker,"
a/k/a "Rambo,"
MICHAEL FILTER,
a/k/a "Paul,"
TIMOTHY VAMVAKIAS,
a/k/a "Tay,"
DENNIS GOGEL,
a/k/a "Dennis Goegel,"
a/k/a "Nico,"
and SLAWOMIR SOBORSKI,
a/k/a "Gerald,"

Defendants.

---

INDICTMENT

13 Cr.

(21 U.S.C. §§ 959, 960(a)(3), and 960(b)(1)(B).)

PREET BHARARA
United States Attorney.

A TRUE BILL

*[signature]*
Foreperson.

7/17/13 FILED INDICTMENT  WARRANT ISSUED

(Cott, USMJ)