UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

       -v-

                                                                           No. 13-CR-521-LTS

JOSEPH HUNTER (1)

       Defendant

-------------------------------------------------------x

## ORDER

On October 29, 2013, Defendant Joseph Hunter ("Defendant" or "Mr. Hunter") in the above-captioned case appeared for a detention hearing before Magistrate Judge Dolinger and requested bail.  Judge Dolinger rejected Defendant's bail application, finding that the Government had "more than amply satisfied its respective burdens for showing no reasonable conditions that would assure the defendant's return to face the charges, and that no conditions of bail would reasonably assure the safety of the community if the defendant were released."  (Tr. of Oct. 29, 2013, Hearing at 19.)

On October 10, 2014, counsel for Defendant submitted a letter to the Court, requesting release under substantially the same bail package proposed in October 2013.  The October 10, 2014, letter and subsequent submissions contained new information not raised before Judge Dolinger, including documentation of diagnoses of Post-Traumatic Stress Disorder ("PTSD") and another mental health condition, and factual proffers concerning the type of mental health treatment options within the Bureau of Prisons ("BOP") as compared to treatment options available within a hospital or clinic affiliated with the Department of Veterans Affairs

("DVA") in Kentucky.  The proposed bail package would include out-patient treatment at a DVA-affiliated facility in Kentucky.

The Court has received and carefully reviewed all of the submissions regarding Mr. Hunter's application for bail and, for the following reasons, denies his request.

### DISCUSSION

Section 3142 of Title 18 of the United States Code, enacted as part of the Bail Reform Act of 1984, 18 U.S.C. §§ 3141–3156 (the "Bail Reform Act"), requires that an accused be detained pending trial where, following a hearing in accordance with section 3142(f), "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C.S. § 3142(e)(1) (LexisNexis 2008 & Supp. 2014).  The factors that a judicial officer must consider "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community" include:  "the nature and circumstances of the offense charged, including whether the offense is a crime of violence" or involves a firearm; "the weight of the evidence against the person"; "the history and characteristics of the person"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C.S. § 3142(g) (LexisNexis 2008 & Supp. 2014).

> Under section 3142(f) of Title 18, a detention hearing
>
> may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the

appearance of such person as required and the safety of any other person and the community.[1]

18 U.S.C.S. § 3142(f) (LexisNexis 2008 & Supp. 2014).  A court may properly reject an attempt to reopen a detention hearing where the new information presented is immaterial to the issue of flight risk or danger to the community.  See United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989) (district court did not abuse discretion in finding that evidence regarding compliance with judicial orders in past prosecutions or length of pretrial incarceration "not sufficiently material . . . to justify a second [detention] hearing").

In the October 29, 2013, detention hearing, Judge Dolinger found that, given Defendant is "facing a mandatory life sentence on at least one . . . [charge]," and that there was "probable cause to believe that he has already acted on personal interest in the use of violence," there were no conditions of release that could reasonably assure Defendant's appearance and the safety of the community.  (Tr. of Oct. 29, 2013, Hearing at 19–20.)

Defendant's recent submissions to the Court proffer new information concerning Mr. Hunter's PTSD diagnosis and information regarding the protocol for treating PTSD within hospitals and clinics affiliated with the DVA.  The new information and arguments contained within Defendant's recent submissions are, however, insufficient to justify reopening the detention hearing because they do not implicate the core issues of flight risk and danger to the community.  The factual issues upon which Mr. Hunter requests a hearing (i.e., whether he

---

[1] Although the October 10, 2014, submission and subsequent defense submissions are styled as an application for bail, this Court will treat such submissions as a request for reopening the October 29, 2013, detention hearing because Judge Dolinger has made factual determinations on a bail package that is identical apart from the newly proffered facts and the proposed condition of out-patient treatment at "the nearest Department of Veterans Affairs Hospital for PTSD." (Oct. 10, 2014, Letter from Def. Requesting Bail at 1.)

escaped from handcuffs and whether the false passports found in his home were sent to him as part of the sting operation) were raised in the detention hearing and thus are not new. Furthermore, Mr. Hunter has not demonstrated that the Bureau of Prisons' treatment resources for PTSD are inadequate (he has proffered that the program settings and patient demographics are different from those available in local DVA facilities, but there has been no showing that Mr. Hunter cannot be treated within the BOP).  Therefore, a reopening of the detention hearing is unwarranted, and Mr. Hunter's application for bail is denied.

## CONCLUSION

Because Defendant has not presented new information material to the issues of risk of flight or danger to the community, Defendant's application for bail is denied.

SO ORDERED.

Dated: New York, New York
       November 24, 2014

        /s/  Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge