# *Marlon G. Kirton, P.C.*
___

| *Marlon G. Kirton, Esq.* | *New York City:* | *Nassau County:* |
|---|---|---|
| | *230 Park Ave. Suite, 1000* | *175 Fulton Ave. Suite 305* |
| _____ | *New York, N.Y. 10169* | *Hempstead, N.Y. 11550* |
| | *Tel # (646) 435 - 5519* | *Tel # (516) 833 - 5617* |
| | *Fax # (212) 808 - 3020* | *Fax # (516) 833 - 5620* |

February 2, 2016

VIA ELECTRONIC FILING

Hon. Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *United States v. Joseph Hunter, 13 cr. 521 (LTS)*

Dear Judge Taylor Swain:

I represent Joseph Hunter in the above referenced matter. Mr. Hunter is scheduled to be sentenced on, February 9, 2016, at 2:00 p.m. This letter is to supplement the Defense sentencing memorandum.

## BLUMBERG REPORT

Defense psychiatrist, Dr. Neil Blumberg[1], submitted a supplemental report on January 28, 2016.[2] Dr. Blumberg interviewed Mr. Hunter on January 19, 2016 and concluded that he still suffers from Post Traumatic Stress Disorder (PTSD). Dr. Blumberg concludes, "He (Hunter) has not shown any improvement in the severity of his Post-traumatic Stress Disorder symptoms,

---

[1] Dr. Neil Blumberg has consulted for defense counsel, prosecutors and at the request of judges. Dr. Blumberg has consulted for federal prosecutors in his home state of Maryland. Defense Sentencing memorandum. Exhibit B.

[2] Exhibit A- To be filed under seal.

1

especially nightmares..."[3] Conversely, Dr. Blumberg found that Mr. Hunter's depression has moderated because he receives continuing treatment from the BOP. Dr. Blumberg states, "I continue to be of the opinion, to a reasonable degree of medical certainty, that at the present time Joseph Hunter continues to suffer from Major Depressive Disorder, Single Episode, although at the present time I rate the severity as Moderate...The severity of Mr. Hunter's depression has been lessened as a result of his continuing treatment..."[4]

Dr. Blumberg reviewed the Defense memorandum, the Government's sentencing memorandum and the Pre Sentence report. He also spoke with Mr. Hunter about matters with which were not previously discussed. His diagnosis did not change, "...he has been exposed to a number of severely traumatic life threatening events that directly led to his ongoing symptoms of Posttraumatic Stress Disorder and depression."[5]

## BOP DESIGNATION

The defense recommends that Mr. Hunter serve his time at FMC Lexington or in the alternative MCFP Springfield. These are Federal Medical Facilities that are closest to Mr. Hunter's home in Owensboro, Kentucky. According to Government's memorandum and our consultation with experts, Federal Medical Centers treat inmates that are acutely mentally ill or seriously mentally ill and in need of intensive psychological services.[6] Mr. Hunter has a two (2) diagnosed mental illnesses. He would benefit from continued "intensive psychological services" offered by the BOP. FMC Lexington is the closest Federal Medical Center to his home in Owensboro. He has relatives in Owensboro and in nearby Louisville. This designation will help facilitate visits by his wife, sons, mother, sister, nieces, and friends. All of whom live in either Owensboro[7] or Louisville.[8] Our BOP expert suggested MCFP in Springfield, Missouri as an alternative facility.

## PTSD DIAGNOSIS

The BOP, though capable in many areas, is still unable to treat inmates suffering from combat related PTSD. Therefore, this is a sentencing factor pursuant to 18 U.S.C. 3553 (a) that warrants a reduced sentence. The defense cited two (2) cases in which after evidentiary hearings, it was

---

[3] Exhibit A, page 1.

[4] Exhibit A, page 1.

[5] Exhibit A, page 1.

[6] Government's sentencing memorandum, Exhibit A, page 2.

[7] 177 miles by car. www.distance-cities.com.

[8] 79 miles by car. www.distance-cities.com.

clear that the BOP could not treat combat related PTSD. In each instance, the defendant was given a substantially reduced sentence. [9] The Government has not refuted this claim in their sentencing memorandum.[10] The Government does not claim in its sentencing memorandum that the BOP can treat combat related PTSD or veterans suffering from PTSD. Therefore, the defense argues that this is s sentencing factor under 18 U.S.C. 3553 (a) that warrants a non guidelines sentence of 10 years.

Please contact me if you have any questions or concerns.

Sincerely,

s/Marlon G. Kirton
Marlon G. Kirton, Esq.


cc: Michael Lockard, Assistant United States Attorney (via electronic filing)
    Anna Skotko, Assistant United States Attorney (via electronic filing)
    Emil Bove, Assistant United States Attorney (via electronic filing)

---

[9]*United States v. Allen Morgan,* 13 cr. 390 (KOB)(PWG)(N.D. Alabama 2014); United States v. Kevin Erickson, 10 cr. 0006-01(REP)(E.D. Virginia 2011).

[10]*See*, Government's sentencing memorandum, Exhibit A.