UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

                     :

UNITED STATES OF AMERICA

                     :

      - v. -

                     :

JOSEPH MANUEL HUNTER,
  a/k/a "Rambo,"
ADAM SAMIA,
  a/k/a "Sal,"
  a/k/a "Adam Samic," and
CARL DAVID STILLWELL,
  a/k/a "David Stillwell,"
  a/k/a "JT,"

                     :

                     :

                     :

                     :

           Defendants.

                     :

- - - - - - - - - - - - - - - - - x

**ORIGINAL**

**SUPERSEDING INDICTMENT**

S10 13 Cr. 521 (RA)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: **OCT 1 6 2017**

## OVERVIEW

1. During in or about 2011 and 2012, JOSEPH MANUEL
HUNTER, a/k/a "Rambo," ADAM SAMIA, a/k/a "Sal," a/k/a "Adam
Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a
"JT," the defendants, each of whom are United States citizens,
agreed to commit murders-for-hire in overseas locations in
exchange for monthly salaries and bonus payments for each
victim. Between in or about late 2011 to early 2012, HUNTER,
SAMIA, and STILLWELL traveled from the United States to the
Philippines, where they obtained, among other things,
information about their intended victims and firearms to use to
commit the murders.

2. In or about January and February 2012, JOSEPH MANUEL HUNTER, a/k/a "Rambo," the defendant, provided "target packages" to ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, which enabled SAMIA and STILLWELL to surveil their intended victims in the Philippines as they formulated their plans for the murders. On or about February 12, 2012, SAMIA and STILLWELL killed one of their intended victims -- Catherine Lee -- in the Philippines by shooting her in the face multiple times, in exchange for payment from HUNTER. After killing Lee and disposing of her body on a pile of garbage, SAMIA and STILLWELL had the payments they received from HUNTER for the murder sent to the United States by, among other methods, structured wire transfers.

3. In or about late February and early March 2012, SAMIA and STILLWELL returned from the Philippines to North Carolina, where they both resided.

## THE DEFENDANTS

4. JOSEPH MANUEL HUNTER, a/k/a "Rambo," the defendant, served from 1983 to 2004 in the United States Army, where he attained the rank of sergeant first class. While in the Army, HUNTER led air-assault and airborne-infantry squads; served as a sniper instructor; and trained soldiers in

2

marksmanship and tactics as a senior drill sergeant. Since leaving the Army in 2004, HUNTER, has arranged for the murders of multiple people in exchange for money, among other completed acts of violence undertaken for pay.

5.    ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," the defendant, is a self-described "Personal Protection/Security Industry" professional. According to SAMIA's résumé, he has worked as an "Independent Contractor" for clients in the Philippines, China, Papua New Guinea, the Democratic Republic of the Congo, and the Republic of the Congo; and has training in tactics and weapons, including handguns, shotguns, rifles, sniper rifles, and machineguns.

6.    CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendant, resides in the vicinity of the same city in North Carolina as ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," the defendant.  According to STILLWELL's résumé, he has training and experience in the field of information technology and has worked at a firm in North Carolina that provides firearms training.

## COUNT ONE

### (Conspiracy to Commit Murder-For-Hire)

The Grand Jury charges:

7.    From at least in or about 2008, up to and
including in or about July 2014, in the Philippines, North
Carolina, Kentucky, Massachusetts, and elsewhere, JOSEPH MANUEL
HUNTER, a/k/a "Rambo," ADAM SAMIA, a/k/a "Sal," a/k/a "Adam
Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a
"JT," the defendants, in an offense begun and committed out of
the jurisdiction of any particular State or district for which
at least one of two or more joint offenders has been arrested in
and first brought to the Southern District of New York,
willfully and knowingly did combine, conspire, confederate and
agree together and with each other to travel in and cause
another to travel in interstate and foreign commerce, and to use
and cause another to use the mail and any facility of interstate
and foreign commerce, with intent that a murder be committed in
violation of the laws of any State and the United States as
consideration for the receipt of, and as consideration for a
promise or agreement to pay, a thing of pecuniary value, to wit,
HUNTER, SAMIA, and STILLWELL agreed with each other, along with
others, to kill Catherine Lee in exchange for currency and other
things of pecuniary value, and used facilities of interstate and

4

foreign commerce to carry out the plan, which resulted in the shooting death of Catherine Lee on or about February 12, 2012 in the Philippines.

(Title 18, United States Code, Sections 1958(a) and 3238.)

## COUNT TWO

### (Murder-For-Hire)

The Grand Jury further charges:

8. From at least in or about 2011, up to and including in or about July 2014, in the Philippines, North Carolina, Kentucky, Massachusetts, and elsewhere, JOSEPH MANUEL HUNTER, a/k/a "Rambo," ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, in an offense begun and committed out of the jurisdiction of any particular State or district for which at least one of two or more joint offenders has been arrested in and first brought to the Southern District of New York, willfully and knowingly traveled in and caused another to travel in interstate and foreign commerce, and used and caused another to use the mail and a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of any State and the United States as consideration for the receipt of, and as consideration for a promise or agreement to pay, a thing of pecuniary value, to wit, HUNTER, SAMIA and

5

STILLWELL killed Catherine Lee in exchange for currency and other things of pecuniary value, and used facilities of interstate and foreign commerce to carry out the plan, which resulted in the shooting death of Catherine Lee on or about February 12, 2012 in the Philippines.

(Title 18, United States Code, Sections 1958(a), 3238, and 2.)

## COUNT THREE

### (Conspiracy To Murder And Kidnap In A Foreign Country)

The Grand Jury further charges:

9.    From at least in or about 2008, up to and including in or about July 2014, in the Philippines, North Carolina, Kentucky, Massachusetts, and elsewhere, JOSEPH MANUEL HUNTER, a/k/a "Rambo," ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, in an offense begun and committed out of the jurisdiction of any particular State or district for which at least one of two or more joint offenders has been arrested in and first brought to the Southern District of New York, intentionally and knowingly did combine, conspire, confederate and agree together and with each other, within the jurisdiction of the United States, to commit, at a place outside the United States, acts that would constitute the offenses of murder and

6

kidnapping if committed in the special maritime and territorial jurisdiction of the United States.

**Overt Acts**

10.   In furtherance of the conspiracy and to effect the illegal object thereof, JOSEPH MANUEL HUNTER, a/k/a "Rambo," ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, and others known and unknown, committed, the following overt acts, among others:

a.   On or about October 19, 2011, while SAMIA was located in the United States, SAMIA received an email from HUNTER that stated, in substance and in part:  "Boss says you are on standby until the other guy is ready and you guys will come here together for Ninja stuff. . . .  We want you guys, but are just waiting until you and your partner can get on the same time table."

b.   On or about December 7, 2011, HUNTER sent an email to the individual described above as "Boss" ("The Boss") that stated, in substance and in part, "Adam will be leaving on the 8th and will be here on the 9th and the other guy will leave on the 10th and be here the 11th.  The WU [i.e., Western Union] of $1,625 goes to:  Adam Samia Roxboro, North Carolina USA."

7

c. On or about December 10, 2011, HUNTER traveled from the Philippines to the United States.

d. Subsequent to traveling to the United States, HUNTER called a co-conspirator not named herein ("CC-1"), who was also in the United States, and told CC-1 that HUNTER intended to travel to meet with SAMIA, while SAMIA was located in the United States.

e. On or about January 2, 2012, while SAMIA was located in the United States, SAMIA received an email from HUNTER that stated, in substance and in part, that, when SAMIA arrived in the Philippines, SAMIA should travel via taxi from Manila International Airport to a particular location in the Philippines.

f. On or about January 3, 2012, while STILLWELL was located in the United States, STILLWELL received an email from SAMIA that included, in substance and in part, the instructions provided to SAMIA by HUNTER on or about January 2, 2012.

g. On or about January 8, 2012, SAMIA departed from Raleigh-Durham International Airport in North Carolina to Manila, Philippines.

h. On or about January 9, 2012, while STILLWELL was located in the United States, STILLWELL received an email from SAMIA that stated, in substance and in part, that STILLWELL

8

should "[d]o what the instructions say," and "the taxi should cost like 220P [i.e., Philippines pesos] with the tip."

          i.    On or about January 10, 2012, STILLWELL departed from Raleigh-Durham International Airport in North Carolina to Manila, Philippines.

          j.    On or about January 23, 2012, HUNTER sent an email to The Boss requesting firearms and silencers that stated, in substance and in part:

> Hey, I need the following things:
> 1 MP5 SD
> 1 Rifle Silenced with optics
> 1 .22 or 380 Pistol Silienced

          k.    On or about January 23, 2012, SAMIA sent an email to HUNTER that stated, in substance and in part:

> Hey Bro we are going to need some OP funds
> ($3000.00) we both are just about broke we
> have spent all are money on finding a place
> to live, the car, phone load, food, taxi's
> looking for a place to live, internet, stuff
> for here an more. I got them to throw in a
> bed an ac so the boss does not have to buy
> them trying to save were I can!

          l.    On or about January 24, 2012, HUNTER sent an email to The Boss that stated, in substance and in part:  "The stuff I received today is good.  But, would like a bigger caliber rifle to go along with the small caliber one I received today."

m.    On or about January 24, 2012, HUNTER sent an
email to The Boss that stated, in substance and in part, that
"Sal" and "JT" would each be owed "35,000" "upon Mission
Success."

n.    On or about January 25, 2012, SAMIA and STILLWELL
took photographs of Catherine Lee's place of business.

o.    On or about February 2, 2012, SAMIA sent an email
to STILLWELL that included a vehicle description and a location
in the Philippines believed to be associated with Catherine Lee
and stated, in substance and in part, "[s]he goes home there but
[is] always out of the house."

p.    On or about February 4, 2012, HUNTER sent an
email to The Boss that stated, in substance and in part:

> I have all the receipts for the Visas and I
> was short 3,500 pesos.  We need another
> 1,400 for a laptop computer bag that we
> modified to hold the tool for concealment.
> Also, the guys need more gas money, probably
> 8,600 pesos for gas and tolls for the month.
> They say this [location in the Philippines]
> place is a 2 and half hour drive each way.
> Total needed listed above is 13,500 pesos.

q.    On or about February 12, 2012, SAMIA and STILWELL
murdered Catherine Lee in the Philippines by shooting her in the
face multiple times.

10

r.    On or about February 12, 2012, SAMIA and STILWELL disposed of Catherine Lee's body on a pile of garbage in the Philippines.

s.    On or about February 14, 2012, SAMIA sent an email to HUNTER that stated, in substance and in part:

> Hey Bro here is our expense report since we
> have been here you ask for have all
> receipts, for reimbursement . . . The rent
> is also d[ue] by the 18th. Rent, dues,
> parking are d[ue] on the 18th, $28p
> [referring to Philippines pesos].

t.    On or about February 16, 2012, STILLWELL caused approximately $4,500 to be transferred from the Philippines to an individual in the United States with an address in North Carolina ("Individual-1").

u.    On or about February 17, 2012, SAMIA caused approximately $9,000 to be transferred from the Philippines to an individual in the United States with an address in Massachusetts ("Individual-2").

v.    On or about February 20, 2012, STILLWELL caused approximately $7,000 to be transferred from the Philippines to an individual in the United States with an address in North Carolina ("Individual-3").

11

w.  On or about February 21, 2012, STILLWELL caused approximately $5,000 to be transferred from the Philippines to Individual-1 in the United States.

x.  On or about February 21, 2012, SAMIA caused approximately $9,000 to be transferred from the Philippines to an individual in the United States with an address in North Carolina ("Individual-4").

y.  On or about February 27, 2012, SAMIA sent an email to HUNTER that stated, in substance and in part:  "Hey just wanted to let you know JT is rolling state side the 29th of FEB, I am heading out the 6th of March, I will drop of[f] the car the 5th."

z.  On or about February 27, 2012, STILLWELL caused approximately $7,000 to be transferred from the Philippines to Individual-3 in the United States.

aa.  On or about February 28, 2012, SAMIA -- using the alias "Adam Samic" -- caused approximately $6,000 to be transferred from the Philippines to STILLWELL.

bb.  On or about February 29, 2012, STILLWELL departed from the Philippines to Raleigh-Durham International Airport in North Carolina.

12

cc. On or about March 3, 2012, SAMIA caused

approximately $8,000 to be transferred from the Philippines to

Individual-4 in the United States.

dd. On or about March 8, 2012, SAMIA departed from

the Philippines to Raleigh-Durham International Airport in North

Carolina.

ee. On or about May 18, 2012, HUNTER sent an email to

SAMIA that stated, in substance and in part:

> Maybe there is some miscommunication or
> something, because I sure do not understand.
> First, when I say I need you there ASAP, I
> meant two days ago or yesterday. I have been
> more the lenient with you as far as your
> wishes. Either, you want a job or you do
> not. . . . You are not answering my emails
> in a timely manner and you are not answering
> my phone calls at all. I need team members
> that can get a job done!!!

[. . .]

> Let me explain, you signed up for a job with
> JT, in which I am responsible for both of
> you. I am expected to get these things done.
> You said you wanted the job. First, I waited
> a year for you to be available because of
> your other plans. Then you finally come
> onboard, do one sloppy job which could have
> endangered everyone and left. . . .

(Title 18, United States Code,
Sections 956(a)(1), 956(a)(2)(A), and 3238.)

13

## COUNT FOUR

## (Using And Carrying A Firearm During And In Relation To A Crime Of Violence Constituting Murder)

The Grand Jury further charges:

11. From at least in or about January 2012, up to and including in or about March 2012, JOSEPH MANUEL HUNTER, a/k/a "Rambo," ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, in an offense begun and committed out of the jurisdiction of any particular State or district for which at least one of two or more joint offenders has been arrested in and first brought to the Southern District of New York, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit, the murder-for-hire conspiracy charged in Count One of this Superseding Indictment, the murder-for-hire charged in Count Two of this Superseding Indictment, and the conspiracy to murder and kidnap in a foreign country charged in Count Three of this Superseding Indictment, willfully and knowingly did use and carry firearms, and in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, and in the course of those crimes did cause the death of a person through the use of a firearm, which killing was murder as

14

defined in Title 18, United States Code, Section 1111(a), to
wit, HUNTER, SAMIA, and STILLWELL used a firearm to cause the
death of Catherine Lee in the Philippines, and aided and abetted
the same.

(Title 18, United States Code,
Sections 924(j), 3238, and 2.)

## COUNT FIVE

### (Conspiracy To Commit Money Laundering)

The Grand Jury further charges:

12.    From at least in or about 2008, up to and
including July 2014, in the Philippines, North Carolina,
Massachusetts, and elsewhere, ADAM SAMIA, a/k/a "Sal," a/k/a
"Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell,"
a/k/a "JT," the defendants, in an offense begun and committed
out of the jurisdiction of any particular State or district for
which at least one of two or more joint offenders has been
arrested in and first brought to the Southern District of New
York, intentionally and knowingly did combine, conspire,
confederate and agree together and with each other, to commit
money laundering offenses in violation of Title 18, United
States Code, Sections 1956 and 1957.

13.    It was a part and an object of the conspiracy
that ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID

15

STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants,
and others known and unknown, in an offense involving and
affecting interstate and foreign commerce, would and did
transport, transmit, and transfer, a monetary instrument and
funds from a place in the United States to or through a place
outside the United States and to a place in the United States
from or through a place outside the United States, with the
intent to promote the carrying on of specified unlawful
activity, to wit, the conspiracy to use interstate commerce
facilities in the commission of murder-for-hire charged in Count
One of this Superseding Indictment, the use of interstate
commerce facilities in the commission of murder-for-hire charged
in Count Two of this Superseding Indictment, and the conspiracy
to murder and kidnap in a foreign country charged in Count Three
of this Superseding Indictment, in violation of Title 18, United
States Code, Section 1956(a)(2)(A).

14. It was further a part and an object of the
conspiracy that ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and
CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the
defendants, and others known and unknown, in an offense
involving and affecting interstate and foreign commerce, would
and did transport, transmit, and transfer, a monetary instrument
and funds from a place in the United States to or through a

16

place outside the United States and to a place in the United States from or through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, the conspiracy to use interstate commerce facilities in the commission of murder-for-hire charged in Count One of this Superseding Indictment, the use of interstate commerce facilities in the commission of murder-for-hire charged in Count Two of this Superseding Indictment, and the conspiracy to murder and kidnap in a foreign country charged in Count Three of this Superseding Indictment, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

15. It was further a part and an object of the conspiracy that ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, a monetary instrument

17

and funds from a place in the United States to or through a place outside the United States and to a place in the United States from or through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, to wit, the conspiracy to use interstate commerce facilities in the commission of murder-for-hire charged in Count One of this Superseding Indictment, the use of interstate commerce facilities in the commission of murder-for-hire charged in Count Two of this Superseding Indictment, and the conspiracy to murder and kidnap in a foreign country charged in Count Three of this Superseding Indictment, and knowing that such transportation, transmission, and transfer was designed in whole or in part to avoid a transaction reporting requirement under State or Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii).

16.   It was further a part and an object of the conspiracy that ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, who are United States persons, and others known and unknown, in an offense involving and affecting interstate and foreign commerce and that took place, in part, in the United

18

States, would and did knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, to wit, the conspiracy to use interstate commerce facilities in the commission of murder-for-hire charged in Count One of this Superseding Indictment, the use of interstate commerce facilities in the commission of murder-for-hire charged in Count Two of this Superseding Indictment, and the conspiracy to murder and kidnap in a foreign country charged in Count Three of this Superseding Indictment, in violation of Title 18, United States Code, Section 1957.

(Title 18, United States Code, Sections 1956(h) and 3238.)

## FORFEITURE ALLEGATION

### (As to Counts One, Two, and Three)

17. As a result of committing the offenses of conspiracy to use interstate commerce facilities in the commission of murder-for-hire as charged in Count One of this Superseding Indictment, using interstate commerce facilities in the commission of murder-for-hire as charged in Count Two of this Superseding Indictment, and conspiracy to murder and kidnap in a foreign country as charged in Count Three of this Superseding Indictment, JOSEPH MANUEL HUNTER, a/k/a "Rambo," ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID

19

STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real and personal, which constitutes and is derived from proceeds traceable to the violations alleged in Counts One, Two and Three of this Superseding Indictment.

## FORFEITURE ALLEGATION

### (As to Count Four)

18. As a result of committing the offenses of using and carrying a firearm during and in relation to a crime of violence constituting murder, as charged in Count Four of this Superseding Indictment, JOSEPH MANUEL HUNTER, a/k/a "Rambo," ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in and used in the commission of the offense charged in Count Four of this Superseding Indictment.

**FORFEITURE ALLEGATION**

**(As to Count Five)**

19.    As a result of committing the money laundering conspiracy offense charged in Count Five of this Superseding Indictment, ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in the offense charged in Count Five of this Superseding Indictment and all property traceable to such property.

**Substitute Assets Provision**

20.    If any of the forfeitable property described in paragraphs 17, 18, and 19 above, as a result of any act or omission of JOSEPH MANUEL HUNTER, a/k/a "Rambo," ADAM SAMIA, a/k/a "Sal," a/k/a "Adam Samic," and CARL DAVID STILLWELL, a/k/a "David Stillwell," a/k/a "JT," the defendants:

> a.    cannot be located upon the exercise of due diligence;
>
> b.    has been transferred or sold to, or deposited with, a third person;
>
> c.    has been placed beyond the jurisdiction of the Court;
>
> d.    has been substantially diminished in value; or

21

           e.     has been commingled with other property which
                  cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of said defendants up to the value of the above

forfeitable property.

    (Title 18, United States Code, Sections 924, 981 and 982 and
           Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
JOON H. KIM
Acting United States Attorney

22

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOSEPH MANUEL HUNTER,
a/k/a "Rambo,"
ADAM SAMIA,
a/k/a "Sal,"
a/k/a "Adam Samic," and
CARL DAVID STILLWELL,
a/k/a "David Stillwell,"
a/k/a "JT,"

Defendants.

### SUPERSEDING INDICTMENT

S10 13 Cr. 521 (RA)

(18 U.S.C. §§ 1958, 956(a), 924(c) & (j),
1956, 3238, and 2.)

JOON H. KIM
Acting United States Attorney.

A TRUE BILL

Foreperson.

10/16/17  Filed ~~sealed~~ Superseding Indictment

Filed Arrest warrants     Judge Nethern