```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4           v.                              13 CR 521 (RA)

 5   JOSEPH MANUEL HUNTER,

 6                Defendant.

 7   ------------------------------x

 8                                           New York, N.Y.
                                             October 25, 2017
 9                                           2:20 p.m.

10
     Before:
11
                       HON. RONNIE ABRAMS,
12
                                           District Judge
13

14                         APPEARANCES

15   JOON H. KIM
          Acting United States Attorney for the
16        Southern District of New York
     PATRICK EGAN
17   REBEKAH DONALESKI
          Assistant United States Attorneys
18
     MARLON G. KIRTON
19        Attorney for Defendant

20

21

22

23

24

25
```

1         (Case called)

2         THE DEPUTY CLERK:  Counsel, please state your name for
3 the record.

4         MR. EGAN:  Patrick Egan and Rebekah Donaleski for the
5 government.

6         Good afternoon, your Honor.

7         THE COURT:  Good afternoon.

8         MR. KIRTON:  Marlon Kirton for Mr. Hunter.  Good
9 afternoon, your Honor.

10         THE COURT:  Good afternoon.

11         What was the date and time of the arrest?

12         MR. EGAN:  The defendant arrived in the district last
13 night.  I don't know the exact time the defendant was produced.

14         THE COURT:  Thank you.

15         Mr. Hunter, the purpose of this proceeding is to
16 advise you of your rights and then to determine what
17 circumstances, if any, you may be released pending trial.

18         Mr. Kirton, I assume you are not making a bail motion
19 at this time.

20         MR. KIRTON:  No, your Honor.  My client is a sentenced
21 prisoner, sentenced to 20 years since 2015.

22         THE COURT:  Understood.

23         Mr. Hunter, you have a right to have counsel represent
24 you at this and all proceedings relating to these charges.  If
25 you cannot afford counsel, one will be appointed for you at no

1   cost.  Unless you have any objection, your prior counsel on
2   your prior case, Mr. Kirton, will represent you going forward.
3           Do you understand?
4           THE DEFENDANT:  Yes, your Honor.
5           THE COURT:  You also have the right to remain silent.
6   That is to say that you are not required to make any statement
7   here or to law enforcement authorities.  If you do start to
8   make a statement, you may stop at any time, and if you've
9   already made statements, you need say no more.  But if you do
10  make a statement, you should know that it can be used against
11  you at trial and at any other proceedings.
12          Do you understand that?
13          THE DEFENDANT:  Yes, your Honor.
14          THE COURT:  What I'd like to do is arraign you on the
15  indictment.
16          Can you stand, please, sir.
17          Have you seen a copy of the indictment in this case?
18          THE DEFENDANT:  Yes, your Honor.
19          THE COURT:  Have you reviewed it with your attorney?
20          THE DEFENDANT:  Yes, I have.
21          THE COURT:  Do you waive its public reading?  Or would
22  you like me to read it out loud?
23          THE DEFENDANT:  Waive.
24          THE COURT:  How do you plead?
25          THE DEFENDANT:  Not guilty, your Honor.

1          THE COURT:  You may be seated.

2          So, Mr. Kirton, I just want to make sure that you are familiar with the schedule that we've set going forward.  There is a firm trial date that has been set of April 2.

5          Our next status conference with the other two defendants is scheduled for next Thursday, November 2, at 10:30 a.m., and speedy trial time has already been excluded until the April 2 trial.

9          Are you aware of that?

10         MR. KIRTON:  Yes, I am, your Honor.

11         THE COURT:  You also may know that a number of motions in limine have already been filed by Mr. Hunter's codefendants.  I intend to rule on those motions well in advance of trial.  We can set a schedule.

15         What I'd like is for you to come back next Thursday and propose to me a motion schedule, if you intend to make any motions on behalf of Mr. Hunter.

18         Okay?

19         MR. KIRTON:  That's fine.

20         THE COURT:  Thank you.

21         Finally, I understand that the government has received approval not to seek the death penalty against Mr. Hunter.  Is that correct?

24         MR. EGAN:  That's correct, your Honor.

25         THE COURT:  Are there any other applications at this

1  time?

2          MR. EGAN:  Your Honor, just an update by way of
3  discovery.  We've been talking with defense counsel.  Discovery
4  is available.  We've just told him he needs to provide a hard
5  drive.  He's indicated he'll do that as soon as possible.  Most
6  of it is material he has received before, but we're just going
7  to produce it all so that he has it in one place.

8          I know in our last motion we made a speedy trial
9  motion.  It's the government's understanding that when the
10 superseder was filed, that the speedy trial clock starts from
11 arraignment on the superseder.  So ours was just in an
12 abundance of caution to make clear that we were asking that
13 time be excluded with respect to this superseder.  So that was
14 the purpose of our request.

15         THE COURT:  That's understood.  I am going to exclude
16 speedy trial time until the April 2 trial date for the reasons
17 that I have stated earlier but also to allow Mr. Hunter and his
18 counsel to get up to speed on the case, to review the
19 discovery, to determine if you'd like to make any motions, and
20 to discuss any possible dispositions.

21         So, to the extent that speedy trial time has not
22 already been excluded until April 2, it has now.

23         Are there any other applications?

24         MR. EGAN:  Not from the government.

25         MR. KIRTON:  Yes, your Honor.  My client needs medical

1    attention.  He's currently on blood pressure medication, PTSD
2    medication, and cholesterol medication.  I'd ask that those
3    medications continue.  He's also receiving counseling for his
4    PTSD.
5             THE COURT:  All right.  So, in the first instance,
6    what I'd like you to do -- where is he housed?
7             MR. KIRTON:  The MDC.
8             THE COURT:  I'm going to ask you to work with the
9    government to ensure that he gets that treatment and that care.
10   If there are any issues whatsoever, you should come to me, and
11   I'll assist you in any way that I can.
12            MR. KIRTON:  That's fine, your Honor.
13            THE COURT:  Do you need any of the motions in limine?
14   I think everything should be on the docket.  So you should be
15   able to get all of the motions.
16            I just want to make sure that Mr. Kirton has
17   everything, including the proposed sort of Brutonized version
18   of statements.  It may be that they need to be Brutonized again
19   with respect to Mr. Hunter, but I just want to make sure that
20   you give him everything that he can't get on the docket.
21            All right?
22            MR. EGAN:  Absolutely.
23            THE COURT:  Anything else from either side?
24            MR. EGAN:  Not from the government.
25            MR. KIRTON:  No, your Honor.  Thank you.

1           THE COURT:  Thank you.  We're adjourned.
2           (Adjourned)

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300