# ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
TEL: (212) 223-0400

ROBERT W. RAY
(212) 826-5321
rray@zeklaw.com

WWW.ZEKLAW.COM

October 21, 2021

**VIA ECF**

Honorable Ronnie Abrams
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse, Foley Square
40 Centre Street
New York, New York 10007

    Re: *United States v. Joseph M. Hunter, Adam Samia and*
       *Carl David Stillwell*, (S10) 13 Cr. 521 (RA)

Dear Judge Abrams:

  Nearly nine months ago on February 1, 2021, the United States Court of Appeals for the Second Circuit issued its mandate returning the above-captioned matter to this Court for disposition of timely filed motions for a new trial – based upon previously undisclosed classified material – in the panel's word, "expeditiously." *United States v. Stillwell*, 986 F.3d 196 (2d Cir. 2021).

  The mandate anticipated that once such motions were filed and fully submitted, this Court would promptly determine (i) whether there was a *Brady*[1] violation, (ii) whether such evidence favorable to the Defendants was material, and (iii) whether the evidence was suppressed by the Government. 986 F.3d at 201.

  On behalf of defendant Carl David Stillwell, we have requested Rule 33 relief including a hearing and ultimately for a new trial. The matter was fully submitted as of April 19, 2021 – with the filing of reply briefs – now more than **six months ago**.

  The interim remand to this Court placed this case in an unusual procedural posture, as the merits appeal to the Second Circuit remains to be decided. Upon eventual disposition of the appeal, the judgment of conviction at a minimum will require re-sentencing in light of the Government's concession before the Second Circuit that the mandatory sentence of life imprisonment imposed by statute was unconstitutional in light

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Ronnie Abrams
October 21, 2021
Page 2

of the Supreme Court's subsequent decision in *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019).

Acknowledging that COVID-19 and consideration of classified material necessarily has delayed things, the fact remains that our notice of appeal in this case was filed on October 18, 2018 – three (3) years ago. Indeed, I have been representing the defendant on appointment under the Criminal Justice Act since the initial appearance in the Southern District of New York from August 2015 – six (6) years ago.

In light of the foregoing, and on behalf of defendant Stillwell, we therefore request a **status conference** at the Court's earliest convenience consistent with Your Honor's COVID-19 Emergency Rules and Practices. I believe the Court can, consistent with the Constitution and Fed. R. Crim. P. 43(b)(3), conduct the matter by telephone or video teleconference without requiring the presence – virtually or otherwise – of the defendant. Should the Court or the Government disagree, I will inquire of my client whether he consents or not to waiving his appearance altogether prior to any scheduled conference. Finally, I am authorized to state that counsel for co-defendant Joseph Hunter joins in the foregoing request; counsel for co-defendant Adam Samia takes no position regarding same.

Respectfully submitted,

/s/ Robert W. Ray

Robert W. Ray

cc:   Andrew Patel, Esq.
      Robert Boyle, Esq.
      Counsel for co-defendant Joseph Hunter (via ECF)

      Aimee W. Brown, Esq.
      Counsel for co-defendant Adam Samia (via ECF)

      AUSA Emil Bove
      AUSA Rebekah Donaleski
      Counsel for the United States (via ECF)

The Court will hold a conference to address the issues raised herein on November 2, 2021 at 12:00 p.m. The conference will be held telephonically, and the parties shall use the following dial-in information to call into the conference: Call-in Number: (888) 363-4749; Access Code: 1015508. This conference line is open to the public.

SO ORDERED.

Hon. Ronnie Abrams
10/27/21